Good morning, Your Honors. Good morning. May it please the Court, my name is Jacob Brooks. I represent A Better Way for BPA. Your Honors, this case involves a fairly simple question, namely, who submitted a Freedom of Information Act request to the Bonneville Power Administration? And the reason for that question is similarly fairly straightforward. Whoever submitted that request has standing to bring this lawsuit. Now, A Better Way for BPA is a nonprofit corporation. It engages only in noncommercial practices. And Cheryl Brantley, a name that you also saw in the briefing, is a member of A Better Way for BPA. And upon review of this FOIA request that was submitted, it's clear that Ms. Brantley was acting on behalf of A Better Way in submitting this request. Let me ask you this. So the case at this point is just about attorney's fees, correct? Largely, yes. And how much are we talking about? I don't . . . It's a ballpark figure. Ballpark figure, anywhere from $5,000 to $15,000. I apologize, Your Honor, I don't know the full . . . To file the complaint, basically? To file the complaint and do the research, I believe. And obviously, we've been briefing this case in the Ninth Circuit and had to brief in the lower court . . . Here's another question I have. I don't know how it will come out. But one thing I wonder is once the motion to dismiss was filed, so either she has standing because she filed it or the BPA Better Way has standing because she filed it on their behalf, correct? Yes. So why didn't you then file a complaint in her name following the dismissal? So one way or the other, one of the others of these would be the appropriate plaintiff. Right. And so the records were released almost immediately upon the time that the complaint was filed. That's not an answer to the question. That's not the answer to the question. The motion to dismiss was filed how long after the complaint? Very shortly, within a couple of weeks. So if Ms. Brantley had filed the lawsuit . . . Immediately. . . . immediately after that, then she would likely not have standing because the records had already been . . . Had they been released before the motion to dismiss? Yes, Your Honor. Okay. Yes. I assume that your client was concerned in filling out the form that it not be considered seeking the records for commercial use because the blank that's filled in on the form allows the respondent to decide how much to charge, correct? Yes. And if you're making it for a commercial use, you pay for the search and the duplication right up front. If it's non-commercial use, you get some free pages, I think 100 free pages and some free search time or something like that. Is that right? Yes, Your Honor. That's correct. And, you know, the context for this is the BPA's website, like many other agencies, makes it clear that commercial requesters are unlikely to be granted a fee waiver, whereas someone making this request for non-commercial purposes, whether they're a member of the media or public interest group or whatever, are more likely to be granted these fee waivers. The action is filed, and the response of the government is to move to dismiss her lack of standing. They point specifically to the fact that it's better Wade that's filed the lawsuit and not Ms. Brantley. Why not at that point move to amend to add her as a plaintiff? In relation to relating back to the original complaint that was filed at that point? Back into court and say, look, this whole process was set in motion by Ms. Brantley. She clearly identified who she was acting on behalf of or related to. All of the communication between the agency and the person seeking the documents was addressed to her at Better Ways address, correct? Yes, yes. It was sent to Better Ways PO box. Why not add her as a plaintiff? I believe the indication from the agency was that they would oppose any amendment to the complaint that would add her back. That is what all about being a lawyer is. You don't worry about the opposition. You try to overcome it. Yes, Your Honor. I certainly understand that. They probably would have argued that jurisdiction is established upon filing of the complaint and that you couldn't retroactively fix jurisdiction. But even if they didn't argue that, you could still file immediately for her. I believe that was along the lines of what the agency was arguing. And at the time, you know, it was clear to us that we wouldn't be able to amend the complaint and add Ms. Brantley as a party. And we were kind of stuck in this between a rock and a hard place, essentially. We've all been involved in trial work. And if we were worried about somebody objecting to the introduction of evidence or that an objection to evidence or making a point would not be overcome, we would not be in business too long. I certainly understand, Your Honor. And, you know, a larger point for Better Way also is the fact that they regularly submit these FOIA requests and regularly utilize this form in the exact same way that Ms. Brantley does. And, you know, it's clearly a problem. The form is not without faults, as your opponent is going to find out when he's standing up here. Yeah, when he comes. I mean, you say they regularly do this, but I guess it's not resulted in a lawsuit before? Well, no, because the records have been produced in the past. And this was a specific instance where they weren't being produced. And, you know, I agree the form has faults. But, you know, when Ms. Brantley filled out previous requests, as we pointed out, she entered her name into the name box and the organization into the organization box. And, you know, that was a big impetus to saying, you know, I don't know how else she would file or fill out this form and make it clear that it was being done on behalf of a Better Way for BPA. And I would like to briefly address the fee waiver classification issue at the bottom as well, Your Honor. I think two points here are important to keep in mind. You know, one, the type of requester identified here is solely for the purpose of determining fees, not the identity of the requester. It's for determining the type or the person, whether they are entitled to a fee waiver. Three of these four options are clear that they're not for commercial use. You know, they end with the phrase not for commercial use. The one that doesn't is the one that the BPA says Ms. Brantley should have filled out if she was trying to indicate she was doing this on behalf of Better Way, which is affiliated with a private corporation and seeking information for the use in the company's business. Clearly, that indicates a commercial use just by reason of process of elimination by itself. And she does say here under the fee waiver, yes, I have technical advisors to help disseminate the information to our members. So then you'd have to say, well, what members are you talking about? And the only members that reasonably could be talked about would be a Better Way for BPA, right? Correct, yes. And, you know, I know that that's not the clearest expression of acting on behalf of a corporation. But still, it does give the indication that she was doing this on behalf of the organization that she filled out. She's not a lawyer, is she? No, no, Your Honor. She is not a lawyer. I will reserve the rest of my time unless Your Honors have any additional questions. No, thank you. Thank you. May it please the Court, Brian Kipnis for the Bonneville Power Administration. How should she have filled out this form? I'm sorry, Your Honor? How should she have filled out this form? She should have indicated in the appropriate box that she was affiliated with a corporation and requesting the records for the business of the corporation, which is exactly what they are saying now this request was. Better Way is not a private corporation. Yes, it's not a private corporation. It is not a private corporation, Your Honor. It's a 501C3. It's a non-profit organization. It's a non-profit corporation, which is a public corporation. It's not a public corporation because it doesn't – this is not in the records, so I have to freelance a little bit here. But a public corporation is a corporation in which the shares are traded publicly. It doesn't matter whether there's private corporations that are commercial for-profit corporations. You don't have to be public. You don't have to be public, no. But if you're doing business in the normal sense, I don't think non-profit organizations think they're doing business. But they are doing business. It is a business organization. It's just that the business happens to be a non-profit business or a non-commercial business. What's your best support for that? My best support that it is for business? Your Honor, in the records that are in my brief, and I cite – let me find this real quick for you, Your Honor. Actually, it would be easier to do it this way. If you look at to page 18 of our answering brief, Your Honor. Okay. I am – I cite to a number of cases. These are not federal cases, but they do indicate that business does not necessarily connote only commercial or for-profit activities, but also mean any regular activity that occupies one's time and attention with or without direct profit motive. I also cite the Corpus Juris Secundum and the Washington Revised Code under which this was incorporated for the proposition that corporations may be organized under this chapter for any lawful purpose or purposes and that the defining characteristic of a Washington non-profit corporation is that no part of the income is distributable to its members, directors, or officers, another Washington Code provision. So if you check the business section, does that change in terms of what you get for free? No. No, Your Honor. This is what I think is getting lost here. There is an opportunity in this form to explain further the purpose for which you are seeking the records, and there is indeed a specific field for describing and elaborating on whether it is for a commercial or non-commercial purpose, and she states very plainly in there the disclosure of this information will not be used for commercial purposes. Correct. Right. They wouldn't be using it for commercial purposes. And I don't think that BP is disputing that at all. Well, but by saying it's not for commercial purposes, then it could either be private or it could be non-profit, right? I mean, the difficulty is your form doesn't really fit normal lingo. And so she says in here, I have technical advisors to disseminate the information to our members. Doesn't that mean that she's talking about the organization listed here, a better way for BPA? I mean, perhaps, Your Honor, but more directly, she states very clearly that she is seeking the records as an individual seeking information for personal use and not for commercial use. But that's true, isn't it? Whether she's a representative of the better way or if she were even individually, neither one is seeking it for commercial use, are they? Would you agree? The way I read that, Your Honor, is if I say that I'm an individual seeking something for personal use, I'm seeking it in my individual capacity for my use. I'm not seeking it on behalf of an entity, a corporation, a third party for their use. I'm seeking it for my use. And that's what she states very directly. What's the purpose of, you know, right underneath on this form, you put your name, and I take it whoever you are and whoever you're representing, you have to put a name in there, correct? I don't think you have to put a name there, no, Your Honor. I think that that is a field that is optional. Does it say that? If we had this, if we could look at this form online, we could know for sure because mandatory boxes are asterisked. That's not picked up on the copy that we have, so I could not swear to that, Your Honor. What's the purpose of the right after email organization? What's the purpose of that line? Well, it's sandwiched between an email address and a street address. I'm not asking where it is. I'm asking what the purpose of it is. Well, I think I'm trying to describe that, Your Honor. I think it's part of the mailing address. In other words, if she wants them mailed at to a center, a better way for BPA, that's where they're going to be mailed. If she wants them mailed at home, she can leave that blank and they'll be mailed to her home. But if she's identifying where she is and where she wants them to go to, that's why that's there. And, indeed, all of the exchange between your client and Ms. Brantley was at the address of Better Way. Correct. I think that that's, as I said, the efficiency of this process is that as she has listed it here, it's lifted off electronically, and that's the way it's going to be addressed. What took so long to produce the documents? I don't have that information, Your Honor. I was not involved in this process. But I think if I, reading the record, I gleaned that there was a fair amount of material that was being requested here. And at one point she was told that the information would be provided. This was after a year or so? Again, Your Honor, I could only speculate. And then it was delayed. Do you know why it was delayed? Again, I do not know, Your Honor. And that prompted the lawsuit to produce the documents, which were produced immediately. Correct? Again, that may be, Your Honor. I don't know those facts. Is there any way to get, have an FYA request process other than using this form? Yes. You can, the only requirement is that it be in writing. You could write a letter. Write a letter, could send an email. And if the letter came from Cheryl Brantley on the stationery of People for a Better Way, what would be the result? Well, I think the other thing that's being missed here is that the form is not the end-all, be-all. I'm waiting for you to say, would it still be a problem or that would be different? I'd say if there's an ambiguity, there would be a dialogue, Your Honor. Okay. And I think what happened here is the fact that she identified herself as an individual for her own personal use, did not create the ambiguity that would necessitate further discussion between BP and her as to who she was requesting for, what was the purpose in order to determine what the fee structure would be. But she tells you in the form why she's after this information, to share it with the members of Better Way. Well, but the fact that she's seeking it as an individual would not foreclose her from sharing it with members of BPA. Let me suggest your form literally put her between a rock and a hard spot because either she chooses the blank she did as an individual, and clearly she did not intend to be getting it for her individual capacity, or she opts for the one I believe your client is suggesting, number three, affiliated with a private corporation and seeking information for use in the company's business. But she has to look at that and say, is that going to be considered a commercial purpose, where I get charged a higher fee, or is it going to be considered a noncommercial purpose, an ambiguity? She's got to make a choice. Your Honor, I respectfully disagree. And the reason is for this reason. She has initially identified what type of requester she is. The question of whether it's a commercial use or not a commercial use, which is the definitive. What do you mean she initially identified what kind of requester she is? She says, I am an individual. I'm suggesting she chose that as a lesser of the evils because it wasn't a correct choice, lesser of the evils because of the ambiguity of number three, not knowing whether it would be treated as a commercial use or a noncommercial use. And, of course, by negative inference, it is a commercial use because the other three are expressly stated as not for noncommercial purposes. But I think that's a post hoc explanation, Your Honor. What would have happened is that they would have looked at the specific box for fee and fee waivers where you specifically discuss what the reasons are that you are obtaining the records and whether specifically it is for a commercial or noncommercial use. She indicates here that it's not for a commercial use. Then under the fee structure, she would not have to pay the fees the commercial use requester would have to pay unless they determined somehow otherwise that that was a misrepresentation of facts. So your argument, as I understand it, is that her explanation is post hoc, but the agency's is not? Our position is based strictly on what she states in the form, Your Honor, strictly that she's requesting as an individual for her personal use. That's what she states. That's an objective indication of who made this request. And so then the follow-on correspondence that relates to the form, what does it indicate? The follow-on correspondence, Your Honor. Like narrow your request, it's too big, it will take forever, all that. Every indication I have in the records is that they were dealing with Ms. Brantley as an individual requester and then her attorney got involved and they were dealing with her attorney at that point. But there's nothing that indicates that there was any misunderstanding on their part about what the nature of the request was. They considered her from beginning to end to being an individual requester. If there's nothing more, Your Honor, I'll submit on that. Thank you. Thank you. I will be very brief, Your Honors. The main issue I just want to address is this name and organization box that's at the top of the form. On the excerpt for record, page 16, there's a blank form, as Ms. Brantley would have found, and by the name is a little asterisk that indicates it's a mandatory form, and then the organization under that is not asterisk, meaning it's optional, so she could submit the form without filling out that organization. So it clearly indicates that she had some intention, and objectively it shows that she identified a better way for BPA as the requester. And I'd also just point back to the BPA's suggestion of how she should have filled out this part of the form, the name or organization. On page 17 of their brief, they say that she should have either identified a better way for BPA or Cheryl Brantley on behalf of a better way for BPA within this name box, which seems a bit nonsensical when you have the organization box directly below it where she could identify a better way for BPA. Do you recall whether name is required? My understanding is, yes, name is a required field. Organization is an optional field. Your adversary said that he at all times considered her to be the requester, an individual requester, so am I to assume then that the records were, when they were produced, they were produced strictly to her and not to some other entity, i.e. a better way? I believe it was addressed the same way all other correspondence was addressed, which was Cheryl Brantley, a better way for BPA, at their mailing address. There are no further questions. Thank you, Your Honor. All right. Thank you. Thank both counsel for the argument today, a better way for BPA versus BPA is submitted.
judges: Hawkins, McKeown, Teilborg